UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,  :   STIPULATED
                                PROTECTIVE ORDER
    - v. -  :
                                05 Cr. 04 (WHP)
WILLIAM P. GENOVESE, JR.,  :
  a/k/a "illwill,"
  a/k/a "xillwillx@yahoo.com,"  :

    Defendant.  :

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-20-05

WHEREAS this Protective Order is hereby stipulated and agreed by and among the United States of America, by David N. Kelley, United States Attorney for the Southern District of New York, Alexander H. Southwell, Assistant United States Attorney, of counsel, and WILLIAM P. GENOVESE, JR., the defendant, by and with the consent of his attorney, Sean Hecker, Esq.;

WHEREAS the Government is in possession of certain documents and items that are alleged to be trade secrets of Microsoft Corporation as defined in Title 18, United States Code, Section 1839 (the "Trade Secrets") and certain non-public information from Microsoft Corporation related to the Trade Secrets (the "Non-Public Information");

WHEREAS the Government may disclose the Trade Secrets pursuant to Rule 16 of the Federal Rules of Criminal Procedure, at trial, or on appeal, and may include the Non-Public Information in briefing or argument related to certain motions that have been, or may be, made, at trial, or on appeal;

WHEREAS the Government seeks to protect from public disclosure the Trade Secrets and the Non-Public Information pursuant to, *inter alia*, Title 18, United States Code, Section

1835;

WHEREAS, pursuant to the authority granted by the Economic Espionage Act, Section 1835 of Title 18, United States Code, Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and in order to preserve the confidentiality of the Trade Secrets and Non-Public Information in this case;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The procedures enumerated in this Protective Order shall apply to all pretrial, trial, post-trial and appellate matters concerning the Trade Secrets and Non-Public Information in this case and may be modified from time to time by further Order of the Court acting under the Economic Espionage Act, Section 1835 of Title 18, United States Code, Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court to ensure a fair and expeditious proceeding and trial.

2. As used herein, the definition of the term "trade secret" is defined as it is in Title 18, United States Code, Section 1839(3) to include:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if-
>
> (a) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (b) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

3. The Government shall designate information as subject to this Protective Order by marking documents or items as "Confidential – Disclosure Prohibited by Protective Order Dated _____, *United States v. Genovese*, 05 Cr. 04 (WHP)."

4. All documents and items so labeled, when provided to counsel for defendant, or when appropriate, the Court, shall be provided in sealed envelopes or in other appropriate sealed containers on which shall be endorsed the title of this case, the words "under seal," and a statement substantially in the following form: "This envelope [or sealed container] contains Confidential documents or items that are subject to a Protective Order Dated _____, *United States v. Genovese*, 05 Cr. 04 (WHP), and is not to be opened, and the contents not to be reviewed, except pursuant to the provisions of that Protective Order." Documents and items so provided shall be maintained in the labeled envelopes or containers to give notice that they are protected by this Protective Order and the Court hereby orders such documents and items sealed.

5. Any and all documents, materials, or records, and any information contained therein, that are being disclosed in connection with this litigation which are labeled as provided in paragraph three shall be preserved as confidential by counsel pursuant to the terms of the Protective Order. "Counsel" includes the attorneys, paralegals, and any secretarial or legal assistants who are directly employed by counsel in the representation of the defendant in connection with this criminal case only. Defendant may inspect the Trade Secrets only in the presence of counsel but shall not, under any circumstances, be given any copies of the Trade Secrets and defendant shall not disclose in any way to any one other than counsel any information from or concerning the Trade Secrets. Counsel may provide a copy of any Non-Public Information to defendant provided that it is preserved as confidential pursuant to the terms

3

of the Protective Order and not disseminated in any way.

6. Counsel and defendant agree that all necessary measures shall be taken to preserve and protect the confidentiality of the Trade Secret or Non-Public Information, including but not limited to maintaining them in a secure place and limiting any duplication of the documents or materials to one working copy for counsel. In no event may duplication of the Trade Secret or Non-Public Information be made by scanning any documents to convert them to electronic form.

7. Any Trade Secret or Non-Public Information disclosed by the Government to the defendant and counsel under this Protective Order shall not be disclosed in any fashion, including in electronic form, to any other person or entity, including to any experts working for counsel, except as provided for herein.

8. In the event that defendant and counsel should desire to have any of the Trade Secret or Non-Public Information labeled as provided in paragraph three and protected by this Protective Order reviewed by an expert, defendant and counsel agree and the Court orders, that defendant and counsel will not disclose any Trade Secret or Non-Public Information, or any information contained in such documents or materials, until such time that the identity of the expert has been disclosed to the Government, and the expert has personally agreed to and executed a separate protective stipulation and order, and an order has been entered, to preserve confidentiality and non-disclosure, provided that the terms of such stipulation and order have been agreed upon by the parties.

9. In the event that the Trade Secret or Non-Public Information disclosed subject to this Protective Order are sought to be introduced as evidence in this proceeding, the parties and the Court shall take all steps necessary to preserve the confidentiality of the documents or

information. Further, all written pleadings in this case which contain, or might reasonably cause the disclosure of, the Trade Secret or Non-Public Information shall be filed with the Court under Seal.

10. All persons subject to this Protective Order are advised that any breach of this Protective Order may result in the termination of their access to the Trade Secret or Non-Public Information and may subject them to contempt of Court or criminal prosecution.

11. All persons given access to the Trade Secret or Non-Public Information pursuant to this Protective Order are advised that such information remains the property of Microsoft Corporation, and such persons shall return all such information to the Government, which, in turn, will return it to Microsoft Corporation at the conclusion of proceedings in this case. Further, all Trade Secret and Non-Public Information shall be deemed to remain in that status, unless and until written notification is received from Microsoft Corporation to the contrary or otherwise ordered by this Court.

12. Nothing contained in this Protective Order shall be construed as a waiver of any right of the defendant. A designation of documents or information as Trade Secret or Non-Public Information under the terms of this Protective Order shall have no evidentiary effect and defendant reserves the right to dispute that designation at trial or on appeal.

13. The foregoing is without prejudice to the right of any party to apply to the Court for a further protective order or for modification of this Protective Order in any respect.

Dated: New York, New York
March 30, 2005

_____
Sean Hecker, Esq.
*Attorney for William P. Genovese, Jr.*

_____
WILLIAM P. GENOVESE, JR.

DAVID N. KELLEY
*United States Attorney for the*
 *Southern District of New York*
*Attorney for the United States*
 *of America*

By: _____
Alexander H. Southwell
Assistant United States Attorney
212-637-2417

Dated: New York, New York
March __, 2005

SO ORDERED: 4/20/05

_____
HON. WILLIAM H. PAULEY III
Untied States District Judge
Southern District of New York

6