ORIGINAL



JUN 22 2006

S. D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
                                :
UNITED STATES OF AMERICA        :        PRELIMINARY ORDER OF
                                :        FORFEITURE / FINAL AS
        -v.-                    :        TO THE DEFENDANT
                                :        WILLIAM P. GENOVESE'S
WILLIAM P. GENOVESE, JR.,       :        INTEREST IN PROPERTY
                                :
                                :        05 Cr. 04 (WHP)
            Defendant.          :
--------------------------------X

        WHEREAS, on or about January 3, 2004, WILLIAM P.

GENVOESE, JR., (the "defendant") was charged in Indictment 05 Cr.

04 (WHP) (the "Indictment") with one count violating 18 U.S.C. §

1832, charging the defendant with unlawful distribution of trade

secrets; and

        WHEREAS, pursuant to a Plea Agreement dated August 17,

2005, the defendant pled guilty to Count One of the Indictment

and as part of the plea, the defendant admitted to the forfeiture

allegation and agreed to forfeit to the United States, pursuant

to Title 18, United States Code, Section 1834, the following:

        a.   One Dell laptop computer Model PP01L, Serial
             Number 5JXD021;
        b.   One HP Pavilion computer, Serial Number
             US91562786;
        c.   One Generic computer tower, labeled item 7 with
             scorpion logo;
        d.   One Linksys Wireless-G Broadband router, Serial
             Number CDF5-0D635390;
        e.   One Sony Vaio laptop computer Model PCG-5201, Win
             18 SE Product Key, JCC76-Q3YBT-GPTVQ-C4R6R-6KBJJ;
        f.   One HP Pavilion laptop computer Model ZE1000,
             Serial Number TW22709013;
        g.   One HP Pavilion computer Model 512W, Serial Number
             KR22400693;
        h.   One AST Bravo computer Model MS-T Pro 6180, Serial
             Number 456AW5002253; and

MICROFILM    -3 02 PM    JUN 2 2 2006

**Returned to chambers for scanning on** _____ 6.23.04

**Scanned by chambers on** _6 ι4·06_.

i.    One Generic computer tower labeled item 6;

(collectively referred to as the "Subject Property") representing

(1) any property constituting, and derived from, proceeds

obtained directly and indirectly as the result of such

violations; and (2) any property used, and intended to be used,

in any manner and part, to commit and facilitate the commission

of such violation;

WHEREAS, on February 2, 2006, the defendant was

sentenced to imprisonment for a term of 24 months, including

forfeiture of the Subject Property in accordance with the terms

of the plea agreement;

WHEREAS, pursuant to 18 U.S.C. § 1834, the United

States is entitled, pending any assertion of third-party claims,

to reduce the Subject Property to its possession and to notify

any and all potential purchasers and transferees thereof of its

interest therein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All of the defendant's right, title and interest in

the Subject Property is forfeited to the United States for

disposition in accordance with the law, subject to the provisions

of 21 U.S.C. § 853(n), which is incorporated by reference in 18

U.S.C. § 1834(b).

2.    Pursuant to 21 U.S.C. § 853(n)(1), the United

States Marshal forthwith shall publish at least once for three

2

successive weeks, in a newspaper of general circulation, notice of this order, notice of the Marshal's intent to dispose of the Subject Property in such manner as the United States may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

3.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

4.   The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, as a substitute for published notice as to those persons so notified.

3

5.   Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

Dated:   New York, New York
         June 15 , 2006

SO ORDERED:

HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

4