**MANDATE**

06-0570-cr
USA v. Genovese

SDNY/NYNY
05-cr4
Pauley, W

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand nine.

Present:

    HON. ROSEMARY S. POOLER,
    HON. ROBERT A. KATZMANN,
        *Circuit Judges*,
    HON. LORETTA A. PRESKA,
        *District Judge.*[1]

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                  No. 06-0570-cr

WILLIAM GENOVESE,

    *Defendant-Appellant*.

---

[1] The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: 3-17-09

| For Defendant-Appellant: | ALEXANDER BUNIN, Federal Public Defender, Albany, NY |
|---|---|
| For Appellee: | CHI T. STEVE KWOK, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY |

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED** except to the extent that the written judgment is amended in the manner described below.

Defendant William Genovese appeals from a judgment of conviction entered on February 2, 2006, in the district court, following his plea of guilty to unlawfully receiving and distributing trade secrets in violation of 18 U.S.C. § 1832. Genovese was sentenced to twenty-four months' imprisonment, three years of supervised release, including numerous special conditions, and a special assessment of $100. We assume the parties' familiarity with the facts and procedural history of the case.

Genovese challenges two conditions of his supervised release: (1) the condition that, if applicable, Genovese register as a sex offender; and (2) the condition requiring Genovese to undergo a sex-offense-specific evaluation and participate in a sex offender and/or mental health treatment program.

"The district court has broad authority pursuant to 18 U.S.C. § 3583(d) to impose any condition of supervised release that it considers to be appropriate, provided such condition . . . is 'reasonably related' to certain statutory sentencing factors listed in section 3553(a)(1) and (a)(2) of that title, 'involves no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and is consistent with pertinent Sentencing Commission

2

policy statements." *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir.), *cert. denied*, 128 S.Ct. 1686 (2008). We review the imposition of a condition of supervised release for abuse of discretion. *Id.* at 342-43. "Any error of law constitutes an abuse of discretion. A challenge to conditions of supervised release that presents an issue of law is generally reviewed *de novo*, but we review . . . claims for plain error [where, as here, the defendant] failed to raise them before the district court at sentencing." *Id.* at 343 (citations omitted).

We have held sex-offender registration conditions may be reasonably related to a defendant's history and characteristics, even if the instant offense of conviction was not sex-related. *See id.* at 343-44. We note that some courts have found the imposition of sex-offender conditions to be an abuse of discretion in certain circumstances, *see, e.g., United States v. Carter*, 463 F.3d 526, 527 (6th Cir. 2006); *United States v. T.M.*, 330 F.3d 1235, 1237, 1240 (9th Cir. 2003); *United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001), but find no abuse of discretion in the circumstances of this case.

Given Genovese's history and characteristics, we find no plain error in the district court's decision to require specifically that Genovese comply with any otherwise applicable sex-offender registration requirement. *See Dupes*, 513 F.3d at 344. Genovese properly notes, however, that the written judgment does not track perfectly the oral pronouncement of this condition. Therefore, to avoid any possible confusion in the execution of this judgment, we amend the written judgment to conform to the oral pronouncement. Specifically, on page 3 of the written judgment, the sentence that currently begins "The defendant shall register . . ." is amended by inserting the words "If applicable," so the sentence, as modified by this order, will be consistent with the district court's controlling oral pronouncement, *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974), and will read "If applicable, the defendant shall register with the state sex

offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer."

Further, given Genovese's history and characteristics, we find no plain error in the district court's decision to require that Genovese undergo a sex-offense-specific evaluation and that he participate in a sex offender and/or mental health treatment program. We think it is clear that this condition requires that Genovese undergo some treatment program, but that the decision of which treatment is appropriate will be based on the results of the evaluation. At oral argument, Genovese argued that the condition, so understood, would impermissibly delegate the decision of whether Genovese would undergo sex offender counseling to his probation officer. We find no plain error in this condition. In contrast to the condition we considered in *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001), the instant condition makes clear that Genovese is to participate in some sort of treatment; the court has done "nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program." *Id.* at 85; *see Dupes*, 513 F.3d at 342 (noting that a condition requiring Dupes to "undergo a sex-offense-specific evaluation and participate in a sex offender treatment[]and[/]or mental health treatment program approved by the probation officer" did not delegate too much discretion to the probation officer and distinguishing *Peterson* on that basis).

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** except to the extent that the written judgment is amended in the manner described above.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: [signature]

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by [signature]

4